LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

SEBASTIAN LEON,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

        Plaintiff,

   v.

ZUCKER'S BAGELS GRAND CENTRAL, LLC
   d/b/a ZUCKER'S BAGELS & SMOKED FISH,
ZUCKER'S COLUMBUS, LLC
   d/b/a ZUCKER'S BAGELS & SMOKED FISH,
ZUCKER'S FLATIRON, LLC
   d/b/a ZUCKER'S BAGELS & SMOKED FISH,
POMERANTZ EQUITIES, LLC
   d/b/a MURRAY'S BAGELS,
MURRAY'S BAGELS HOLDING, LLC
   d/b/a MURRAY'S BAGELS,
MATTHEW POMERANTZ and DANIEL PACE,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

      Plaintiff SEBASTIAN LEON ("Plaintiff LEON," or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, ZUCKER'S BAGELS GRAND CENTRAL, LLC d/b/a ZUCKER'S BAGELS & SMOKED FISH, ZUCKER'S COLUMBUS, LLC d/b/a ZUCKER'S BAGELS & SMOKED FISH, ZUCKER'S FLATIRON, LLC d/b/a ZUCKER'S

1

BAGELS & SMOKED FISH, POMERANTZ EQUITIES, LLC d/b/a MURRAY'S BAGELS and MURRAY'S BAGELS HOLDING, LLC d/b/a MURRAY'S BAGELS (collectively, "Corporate Defendants"), MATTHEW POMERANTZ and DANIEL PACE (collectively, "Individual Defendants," and collectively with the Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff LEON alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime compensation, for off-the-clock work, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime compensation, for off-the-clock work, (2) unpaid spread of hours premium, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff LEON is a resident of New York County, New York.

2

6. Defendants operate a chain of bagel restaurants as a single integrated enterprise under the trade names "Zucker's Bagels & Smoked Fish" and "Murray's Bagels" at the following addresses:

(a) Zucker's Bagels & Smoked Fish – 370 Lexington Avenue, New York, NY 10017;

(b) Zucker's Bagels & Smoked Fish – 273 Columbus Avenue, New York, NY 10023;

(c) Zucker's Bagels & Smoked Fish – 40 East 23rd Street, New York, NY 10010;

(d) Zucker's Bagels & Smoked Fish – 146 Chambers Street, New York, NY 10007;

(e) Murray's Bagels – 242 8th Avenue, New York, NY 10011; and

(f) Murray's Bagels – 500 6th Avenue, New York, NY 10011

(collectively, the "Restaurants").

7. The Restaurants are operated by Defendants as a single integrated enterprise. The Restaurants are commonly owned by the Individual Defendants and are advertised on the following websites: https://www.zuckersbagels.com/; http://www.murraysbagels.com/; and http://www.murraysbagelschelsea.com/. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose:

a. All of the Restaurants share similar menus, with many identical menu items;

b. Supplies are interchangeable among the Restaurant locations;

c. Employees are interchangeable among the Restaurant locations, and in fact Plaintiff LEON began his employment for Defendants at the Murray's Bagels located at 242 8th Avenue, New York, NY 10011, and was later transferred to the Zucker's Bagels & Smoked Fish located at 370 Lexington Avenue, New York, NY 10017; and

3

       d. The Restaurants share payroll methods and have a single, centralized system of labor relations for employees at both locations. When Plaintiff LEON was transferred from employment at the Murray's Bagels located at 242 8th Avenue to the Zucker's Bagels & Smoked Fish located at 379 Lexington Avenue, Defendants continued to pay him through the same corporate entity, POMERANTZ EQUITIES, LLC.

8. Corporate Defendant ZUCKER'S BAGELS GRAND CENTRAL, LLC d/b/a ZUCKER'S BAGELS & SMOKED FISH is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located at 370 Lexington Avenue, New York, NY 10017.

9. Corporate Defendant ZUCKER'S COLUMBUS, LLC d/b/a ZUCKER'S BAGELS & SMOKED FISH is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 273 Columbus Avenue, New York, NY 10023 and an address for service of process at c/o Neema Consulting, 99 West Hawthorne Avenue, Suite 408, Valley Stream, NY 11580.

10. Corporate Defendant ZUCKER'S FLATIRON, LLC d/b/a ZUCKER'S BAGELS & SMOKED FISH is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 40 East 23rd Street, New York, NY 10010 and an address for service of process at 370 Lexington Avenue, New York, NY 10017.

11. Corporate Defendant POMERANTZ EQUITIES, LLC d/b/a MURRAY'S BAGELS is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 242 8th Avenue, New York, NY 10011 and an address for service of process at 370 Lexington Avenue, New York, NY 10017.

12. Corporate Defendant MURRAY'S BAGELS HOLDING, LLC d/b/a MURRAY'S BAGELS is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business and address for service of process at 500 6th Avenue, New York, NY 10011.

13. Individual Defendant MATTHEW POMERANTZ is an owner and principal of the Corporate Defendants. Defendant MATTHEW POMERANTZ exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant MATTHEW POMERANTZ frequently visited each of the Restaurant locations. Defendant MATTHEW POMERANTZ exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant MATTHEW POMERANTZ directly regarding any of the terms of their employment, and Defendant MATTHEW POMERANTZ had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

14. Individual Defendant DANIEL PACE is an owner and principal of the Corporate Defendants. Defendant DANIEL PACE exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant DANIEL PACE frequently visited each of the Restaurant locations. Defendant DANIEL PACE exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and

determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant DANIEL PACE directly regarding any of the terms of their employment, and Defendant DANIEL PACE had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

15. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and regulations thereunder.

16. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

17. Although Plaintiff LEON did not work at all of the Restaurants, the Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because the Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class Members for whom Plaintiff LEON seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff LEON brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to cooks, food preparers, cashiers, counter persons, and cleaning persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

19. At all relevant times, Plaintiff LEON and FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay Plaintiff LEON and FLSA Collective Plaintiffs for all hours worked, including overtime premium at one-and-one half times their base hourly rates for each hour worked in excess of forty (40) per workweek. Plaintiff LEON's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

20. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

21. Plaintiff brings claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, including but not limited to cooks, food preparers, cashiers, counter persons, and cleaning persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

22. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable

from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

23. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

24. Plaintiff LEON's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) mandating unpaid off-the-clock work, (ii) failing to pay overtime premium, (iii) failing to pay spread of hours, (iv) failing to provide wage statements in compliance with the New York Labor Law, and (v) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures by Defendants.

25. Plaintiff LEON is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff LEON is represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28.  There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

   b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

   d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

   e) Whether Defendants required Plaintiff and the Class members to perform unpaid off-the-clock work;

   f) Whether Defendants paid Plaintiff and the Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

   g) Whether Defendants paid the "spread of hours" premium owed to Plaintiff and the Class members working more than ten hours per day as required by New York Labor Law;

    h) Whether Defendants provided to Plaintiff and the Class members proper wage and hour notices at date of hiring, as required under the New York Labor Law;

    i) Whether Defendants provided proper wage statements informing the Plaintiff and the Class members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the New York Labor Law; and

    j) Whether Defendants provided to Plaintiff and the Class members proper wage statements with each payment of wages, as required under the New York Labor Law.

## STATEMENT OF FACTS

10. In or around January 2018, Plaintiff SEBASTIAN LEON was hired by Defendants to work as a cook for Defendants' Murray's Bagels Restaurant located at 242 8th Avenue, New York, NY 10011. In or around March 2018, Plaintiff LEON was transferred by Defendants to work at Defendant's Zucker's Bagels & Smoked Fish Restaurant located at 370 Lexington Avenue, New York, NY 10017, where he worked for the remainder of his employment by Defendants. Plaintiff's employment with Defendants terminated in May 2019.

11. Throughout his employment with Defendants, Plaintiff worked four (4) days per week for ten and a half (10½) hours per day, and one (1) day per week for eleven (11) hours per day, for a total of fifty three (53) hours each week. During Plaintiff LEON's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours.

12. During his employment with Defendants, Plaintiff LEON was paid at different rates:

    a. From the beginning of Plaintiff's employment with Defendants until March 2018, Plaintiff was paid at a base hourly rate of $15.00 per hour.

    b. From March 2018 until December 31, 2018, Plaintiff was paid at a base hourly rate of $16.00 per hour.

    c. From January 1, 2019 until the termination of Plaintiff's employment by Defendants, Plaintiff was paid at a base hourly rate of $17.00 per hour.

Plaintiff LEON observed that other employees of Defendants were paid at similar rates.

    13. Plaintiff LEON and other employees of Defendants were expected to work, but not permitted to clock in, at the beginning of each of their scheduled shifts every week. On three (3) days of the week, Plaintiff LEON and other employees of Defendants were expected to work, but not permitted to clock in, for twenty (20) minutes at the beginning of their scheduled shift. In addition, for two (2) days of the week, Plaintiff LEON and other employees of Defendants were expected to work, but not permitted to clock in, for one (1) hour at the beginning of their scheduled shift. Thus, Plaintiff LEON and other employees of Defendants performed three (3) hours of off-the-clock work each week. Plaintiff LEON and other employees of Defendants were not paid for this off-the-clock work.

    14. Furthermore, throughout his employment with Defendants, Plaintiff LEON was required to work shifts exceeding ten (10) hours in duration on five (5) days per week, but would only receive spread of hours premium for one (1) day per week. Similarly, Class Members were frequently required to work shifts exceeding ten (10) hours in duration for which they were not paid spread of hours premium.

15. Defendants never provided Plaintiff LEON with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

16. Defendants did not provide Plaintiff LEON with proper wage statements at all relevant times. Similarly, the Class members also did not receive proper wage statements, in violation of the NYLL.

17. Plaintiff, FLSA Collective Plaintiffs, and the Class members had workdays that regularly exceeded ten (10) hours in length. However, Defendants routinely failed to pay them spread of hours premiums due under the NYLL.

18. Plaintiff, FLSA Collective Plaintiffs, and the Class members were required by Defendants to perform unpaid off-the-clock work, resulting in unpaid wages and overtime premium.

19. At no time during the relevant time periods did Defendants provide Plaintiff or the Class members with wage notices or proper wage statements as required by NYLL.

20. In or around May 2019, Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

21. In or around June 2019, Plaintiff LEON sent a demand letter addressed to Defendants' Restaurant located at 370 Lexington Avenue—Plaintiff LEON's last place of employment with Defendants.

22. The demand letter apprised Defendants that they violated the FLSA and NYLL given Plaintiff LEON's unpaid wage claims. In addition, the demand letter requested production

of Plaintiff's time and pay records in Defendants' custody to properly investigate Plaintiff's claims.

23.     The demand letter further stated that Plaintiff LEON intended to proceed with his claims on a class-wide basis on behalf of similarly situated employees of Defendants, but would be amenable to expedient resolution of this matter. To that end, Plaintiff's demand letter included a tolling agreement requesting a timely response from Defendants.

24.     Defendants did not, and to date have not, signed or otherwise responded to the tolling agreement.

25.     However, approximately one week after the demand letter was sent, Defendants appeared to respond by mailing Plaintiff LEON a paycheck in the amount of $829.14. Plaintiff did not then, and to date has not, cashed this check. A copy of this check has been attached hereto as **Exhibit A**.

26.     Defendants did not, and to date have not, provided any statement, reasoning, or context regarding the $829.14 paycheck sent to Plaintiff LEON.

27.     In or around the time Plaintiff LEON received the paycheck from Defendants, he was informed by his former coworkers that employees of Defendants—including but not limited to cooks, food preparers, cashiers, counter persons, and cleaning persons at *all* the Restaurants— each received a check for $300.

28.     Upon distributing the $300 paychecks, Defendants expressly admitted to having committed errors in their timekeeping practices, but attributed all such errors to a "glitch" in their timekeeping system.

14

29. Notwithstanding this admission of fault, Defendants did not provide, and still have not provided, any time or wage statements supporting the claim that each employee was owed only, and exactly, $300 for Defendants' timekeeping discrepancies.

30. Plaintiff LEON believes that the $829.14 he received from Defendants, and the $300 other employees individually received, constitute an illicit attempt by Defendants to quiet this dispute without allowing for a proper investigation of Plaintiff's claims brought on behalf of himself, FLSA Collective Plaintiffs, and the Class.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

31. Plaintiff realleges and reavers Paragraphs 1 through 30 of this class and collective action Complaint as if fully set forth herein.

32. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

34. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

23. At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

24. At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

35. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

37. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

38. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premium, and an equal amount as liquidated damages.

39. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

## ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

40. Plaintiff realleges and reavers Paragraphs 1 through 39 of this class and collective action Complaint as if fully set forth herein.

41. At all relevant times, Plaintiff and the Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

42. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the Class Members for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked, due to Defendants' policy of time-shaving.

43. In addition, Defendants willfully violated Plaintiff and the Class members' rights by failing to pay them spread of hours premiums required by state law;

44. Defendants willfully violated Plaintiff and the Class members' rights by refusing to compensate them for off-the-clock hours during which they were required to work;

45. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law;

46. Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to all non-exempt employees, in direct violation of the New York Labor Law;

47. Defendants failed to provide proper wage statements with every payment issued to Plaintiff and the Class members, as required by New York Labor Law § 195(3).

48. Due to Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime premium, unpaid spread of hours premium, compensation for unpaid off-the-clock hours worked, damages for

17

unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LEON, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid wages, including overtime compensation, due to Defendants' policy of requiring off-the-clock work under the FLSA and NYLL;

d. An award of unpaid spread of hours premium due under the NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages for off-the-clock work, pursuant to the FLSA or NYLL;

g. An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

h. Designation of Plaintiff LEON as Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: January 27, 2020                     Respectfully submitted,

                                            LEE LITIGATION GROUP, PLLC

                              By:    */s/ C.K. Lee*

                                            C.K. Lee (CL 4086)
                                            Anne Seelig (AS 3976)
                                            148 West 24th Street, 8th Floor
                                            New York, NY 10011
                                            Tel.: 212-465-1188
                                            Fax: 212-465-1181
                                            *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*